UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK M. MONTE, *Plaintiff*, v. DETECTIVE JOE KESSLING, et al, *Defendants*. | Civil Action No. 18-11363 **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Frank M. Monte ("Plaintiff") seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* but the Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief can be granted.

### I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a resident of New Jersey. D.E. 1 ("Complaint" or "Compl.") ¶ 6. Defendant Detective Joe Kessling works for the Broward County Sheriff's Office in Broward County, Florida. Compl. ¶ 7. Defendant Judge Christopher W. Pole is a county court judge for the Seventeenth Circuit of Broward County. *Id.* ¶ 8. Defendant Judge Lisa Porter was a county court judge for the Broward County. *Id.* Defendant Michael J. Satz is the State Attorney for Florida's Seventeenth Circuit. *Id.* ¶ 9. Defendant Christopher Killoran is the Assistant State Attorney for Florida's Seventeenth Circuit. *Id.* ¶ 10. Defendant Fredrick M. Knapp is the Morris County Prosecutor in New Jersey. *Id.* ¶ 11. The States of Florida and New Jersey are also Defendants. *Id.*

¶ 12. Additionally, Plaintiff added the Governor of the State of Florida, Richard Lynn Scott; the Attorney General of the State of Florida, Pamela Jo Bondi; the Governor of the State of New Jersey, Philip Dunton Murphy; and the Attorney General of the State of New Jersey, Gurbir S. Grewal as Defendants to this matter.[1]

On November 1, 2007, Detective Joe Kessling of the Broward County Sheriff's Office arrested Plaintiff on charges of aggravated stalking, hate crimes, and violation of a restraining order. Compl., D.E. 1-1 at 20-24.[2] Judge Mily Rodriguez Powell of the Seventeenth Judicial Circuit of Florida presided over Plaintiff's case. After a jury trial, Judge Rodriguez Powell sentenced Plaintiff to six and a half years in Florida prison. *Id.* at 22.

Almost a decade after the arrest, on August 1, 2017, Detective Kessling provided a sworn statement in an Affidavit to Arrest that on July 6, 2017, Plaintiff used an anonymous number to call Judge Rodriquez Powell's chambers. *Id.* at 21. During that call, Plaintiff spoke to and

---

[1] On July 9, 2018, Plaintiff filed a First Amendment to the Complaint in which he added the additional Defendants. D.E. 2. Although filing a list of additional Defendants is not the proper way to file an Amended Complaint, the Court will consider these Defendants as being parties to the action because Plaintiff is proceeding *pro se*. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys).

[2] For the purposes of this screening pursuant to 28 U.S.C. § 1915(e)(2)(B) "the Court accepts as true all well-pleaded facts in the complaint." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Additionally, a district court may consider "exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Here, Plaintiff attached a number of documents to his Complaint, including an Arrest Warrant and an Affidavit to Arrest, and expressly references the documents in the Complaint. Therefore, the Court will consider them along with Complaint.

threatened to harm the judge's judicial assistant, Debra Rosenbaum. *Id.*[3] Based on Detective Kessling's statement, Judge Porter issued a warrant for Plaintiff's arrest for corruption by threats against a public official, unlawful use of a two-way communication device, and aggravated assault. *Id.* at 20.

Acting upon the Florida warrant, the Morris County Prosecutors Office arrested Plaintiff, at gun point, at his residence in Jefferson Township, New Jersey on August 2, 2017. Compl. ¶ 19. Plaintiff was taken to the Morris County Jail, where he was held for nearly three months. *Id.* ¶ 22. At every court appearance during this time period, Plaintiff stated on the record that the Florida warrant was a "legal fiction" because the State of Florida and its agents did not have "competent jurisdiction" to conduct an investigation and bring an action against Plaintiff without the assistance of the U.S. Attorney and FBI. *Id.* ¶ 23. On October 12, 2017, Plaintiff was released from jail when "the hold was removed by" Florida authorities. *Id.* ¶ 24. Plaintiff alleges that the charges against him were then reinstated and as of July 2, 2018, a second warrant was issued for his arrest. *Id.*

Plaintiff filed this Complaint on July 5, 2018, D.E. 1, and thereafter added the additional Defendants, D.E. 2. The Complaint alleges two counts: a declaration that the "policy" is unconstitutional (Count I), and violation of Plaintiff's due process and equal protection rights under 42 U.S.C. § 1983 (Count II). Plaintiff seeks $ 50,000,000 in compensatory damages; a declaratory judgment declaring that Defendants violated the Constitution when they acted under color of law; and an injunction against Florida, New Jersey and their agents to stop them from violating the Constitution. Compl. ¶ 25-34.

---

[3] During this phone call Plaintiff twice told Ms. Rosenbaum that "[y]ou're in the presence of fucking greatness." He also said, "[y]ou better watch your ass because I'm coming for you." Compl., D.E. 1-1 at 21.

## II. LEGAL STANDARD

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently established his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.[4] *See* Compl., D.E. 1-1 at 60-64.

However, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In addition, because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*,

---

[4] Plaintiff's stated net monthly income of $150 qualifies him for *in forma pauperis* status. However, Plaintiff also indicates that he unencumbered real estate with a value of $125,000. Plaintiff fails to explain why he cannot use this property to finance his current filing fees and costs. Thus, the Court grants his application to proceed *in forma pauperis* without prejudice to further inquiry should Plaintiff file a viable Amended Complaint.

4

404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 14, 2010) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

### III. LEGAL ANALYSIS

The allegations in the Complaint are far from clear. Plaintiff may be claiming as an overall theory that "the State of Florida and its agents did not have 'Competent Jurisdiction' to conduct an investigation and bring an Original Action against Plaintiff; a Citizen of New Jersey. Without the assistance of the U.S. Attorney and FBI." Compl. ¶ 23 (punctuation and capitalization in original). Plaintiff is simply wrong. Of course, a state can investigate offenses within its boundaries, whether the alleged perpetrator is a citizen of that state or another and whether a United States Attorney's Office or the Federal Bureau of Investigation is involved or not.

As to Count I, its heading reads "Declaration that the Policy is Unconstitutional." In this Count, Plaintiff alleges that Defendants are persons within the definition of 42 U.S.C. § 1983 and that Defendants were "employees and agents of their respective jurisdictions" "acting under color of law." Compl. ¶¶ 26-27. The Count states: "Plaintiff files the present litigation seeking damages for violations of his Constitutional right to due process and equal protection, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages in an amount of $50,000,000." *Id.* ¶ 28. The Court cannot tell from these allegations what policy Plaintiff believes is unconstitutional, and it will not guess. Therefore, Count I is dismissed without prejudice for failure to properly state a claim.

Count II of the Complaint alleges violation of Plaintiff's due process and equal protection rights under 42 U.S.C. § 1983. Section 1983 provides in relevant part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

Section 1983 does not provide substantive rights; rather, it provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). In order to state a valid claim for relief under Section 1983, a plaintiff must first allege a violation of a right secured by the Constitution or laws of the United States and, second, a plaintiff must contend that the violation was caused or committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

State officials acting in their official capacities are also immune from suit under Section 1983, as they are not "persons" within the meaning of the statute. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65 (1989). However, a plaintiff may sue state officials in their official capacity for prospective, or forward-looking, injunctive relief to remedy an ongoing violation of federal law. *See Ex Parte Young*, 209 U.S. 123 (1908).

Municipalities may be liable under Section 1983 if a plaintiff can show the violation of his rights was caused by a municipal policy, practice, or custom. *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690-91 (1978). Yet, Section 1983 claims cannot be brought under a theory of *respondeat superior*, or supervisory liability. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Rather, when alleging that a supervisor is liable, Plaintiff bears the burden of showing "personal involvement in the alleged wrongs . . . [which] can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Importantly, defendants in a Section 1983 suit are also entitled to qualified immunity. "Qualified immunity shields government officials from personal liability for civil damages insofar as their conduct does not violate *clearly established* statutory or constitutional rights of which a reasonable person would have known." *Paszkowski v. Roxbury Twp. Police Dep't*, No. 13-7088, 2014 WL 346548, at *2 (D.N.J. Jan. 30, 2014) (emphasis added). A court must engage in a two-part inquiry to determine whether qualified immunity applies: (1) "whether the allegations, taken in the light most favorable to the party asserting the injury show the [defendant's] conduct violated a federal right;" and (2) "whether the law was clearly established at the time of the violation." *Ihlenfeld v. Darby Borough Police Dep't*, No. 16-01990, 2017 WL 132169, at *6 (E.D. Pa. Jan. 13, 2017). "The defendant has the burden of establishing qualified immunity." *Id*. The Supreme Court has ruled that the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

As noted, Plaintiff bases his Section 1983 claim on violations of equal protection and due process. The Fourteenth Amendment's Equal Protection Clause provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 1. To prevail on an equal protection claim, a plaintiff "must present evidence that s/he has been treated differently from persons who are similarly situated." *Renchenski v. Williams*, 622 F.3d 315, 337 (3d Cir. 2010) (quoting *Williams v. Morton*, 343 F.3d 212, 221 (3d Cir. 2003)). Plaintiff alleges in conclusory fashion that Defendants "deprived Plaintiff of his rights to equal protection under the [l]aw." Compl. ¶ 33. However, the Complaint fails to allege any facts showing that he was treated differently from similarly situated persons. Therefore, Plaintiff fails to plausibly plead an equal protection violation.

The Complaint is also unclear as to which specific actions of Defendants violated Plaintiff's due process rights. Reading the Complaint liberally, the Plaintiff may be alleging that the arrest on August 2, 2017 was a false arrest. "The Fourth Amendment . . . protects persons from 'unreasonable searches and seizures' prohibits false arrest, false imprisonment, illegal search and seizure, and the use of excessive force." *Roman v. City of Newark*, No. 16-1110, 2017 WL 436251, at *3 (D.N.J. Jan. 31, 2017) (quoting U.S. Const. amend. IV). To state a claim for false arrest, a plaintiff must allege "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *Watson v. Doe*, No. 04-962, 2005 WL 1116239, at *3 (D.N.J. May 10, 2005). "Probable cause exists where the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a reasonable person to believe an offense had been committed." *United States v. McGlory*, 968 F.2d 309, 342 (3d Cir. 1992). "[T]he test for an arrest without probable cause is an objective one, based on 'the facts available to the officers at the moment of arrest.'" *Janowski v. City of N. Wildwood*, No. 16-4464, 2017 WL 1821078, at *6 (D.N.J. May 5, 2017) (quoting *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994)). Here, Plaintiff fails to allege that the arrest was made without probable cause; he also indicates that an arrest warrant was issued by Judge Porter. Compl. ¶ 18. Plaintiff fails to state any plausible facts as to why the arrest warrant lacked probable cause.

The Complaint contains other defects. Mere "conclusory allegations against defendants as a group" which "fail to allege the personal involvement of any defendant" are insufficient to survive a motion to dismiss. *Galicki v. New Jersey*, 2015 U.S. Dist. LEXIS 84365, at *8 (D.N.J. June 29, 2015). A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Id.* When a number of defendants are named in a complaint, plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles

8

in the alleged misconduct" without specifying "which defendants engaged in what wrongful conduct." *Falat v. County of Hunterdon*, 2013 U.S. Dist. LEXIS, at *12 (D.N.J. Mar. 19, 2013) (emphasis in original). A Complaint that contains "impermissibly vague group pleading" will be dismissed. *Id.* at *11. Here, Plaintiff groups all Defendants' actions together in his allegations. Thus, Plaintiff fails to specifically establish each individual defendant's actions that contributed to the alleged constitutional violations.

Finally, the Court notes that several, if not all, the Defendants in the Complaint appear to possess various types of immunity from this suit (whether that be judicial, prosecutorial, qualified, or state sovereign immunity). For example, and as noted, neither New Jersey nor Florida can be sued in a Section 1983 action. The Court will not further address this issue at this time as it is dismissing Plaintiff's Complaint for failure to state a cause upon which relief may be granted. However, Plaintiff should be aware of these additional hurdles if he chooses to amend his Complaint.

For the foregoing reasons, Plaintiff fails to plausibly plead a cause of action, and his Complaint is dismissed. When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). In light of the noted deficiencies, the Court has real concerns that any attempt to amend would be futile. However, because Plaintiff is proceeding *pro se*, and is entitled to a more relaxed standard of review than if

he was represented by counsel, the Court will grant him an opportunity to amend his pleadings and plausibly state his allegations.

Thus, for the reasons set forth above and for good cause shown,

IT IS on the 13th day of July, 2018,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED** without prejudice to additional review; and it is further

**ORDERED** that the Complaint and its stated amendment, D.E. 1, 2, are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim; and it is further

**ORDERED** that Plaintiff may file an amended complaint within **THIRTY (30) DAYS** of receipt of this Opinion and Order. If Plaintiff fails to file an amended complaint within **THIRTY (30) DAYS** of receipt, dismissal of this case shall be with prejudice[5]; and it is further

**ORDERED** that the Clerk shall serve this Opinion and Order upon Plaintiff by certified mail return receipt.

JOHN MICHAEL VAZQUEZ, U.S.D.J.

---

[5] Dismissal with prejudice means that Plaintiff will **not** be able to bring any future action against Defendants based on the allegations in this case.