NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK M. MONTE,<br><br>    *Plaintiff,*<br><br>v.<br><br>DETECTIVE JOE KESSLING, et al,<br><br>    *Defendants.* | Civil Action No. 18-11363<br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Frank M. Monte filed an initial Complaint on July 5, 2018, D.E. 1., followed by a purportedly First Amended Complaint ("FAC"), D.E. 2.[1] On July 13, 2018, the Court granted Plaintiff *in forma pauperis* status pursuant to 28 U.S.C. § 1915 but dismissed the Complaint and the First Amended Complaint without prejudice. D.E. 3. Plaintiff filed his Second Amended Complaint ("SAC") on July 16, 2018. D.E. 4. The SAC does not allege any new substantive facts, but it does allege an additional count asserting a claim of intentional misconduct against all Defendants. Because Plaintiff is still proceeding *in forma pauperis*, the Court screens Plaintiff's SAC pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court now **DISMISSES** the SAC **with prejudice**.

---

[1] On July 9, 2018, Plaintiff filed a First Amendment to the Complaint in which he added the additional Defendants. D.E. 2. Although filing a list of additional Defendants is not the proper way to file an Amended Complaint, the Court considered these Defendants as being parties to the action because Plaintiff is proceeding *pro se*. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys).

## I. FACTS AND PROCEDURAL HISTORY

The Court's July 13, 2018 Opinion and Order ("July 13 Op.") screening Plaintiff's Complaint and FAC, D.E. 3, includes a detailed recounting of the background of this matter. To the extent relevant to this motion, the Court incorporates the factual and procedural history into this Opinion.

The SAC realleges Count I and II: a declaration that the "policy" is unconstitutional (Count I), and violation of Plaintiff's due process and equal protection rights under 42 U.S.C. § 1983 (Count II). The SAC also adds a count: intentional misconduct (Count III). Plaintiff seeks $55,000,000 in compensatory damages; a declaratory judgment stating that Defendants violated the Constitution when they acted under color of law; a stay on a current warrant issued by Broward County, Florida; and an injunction against Florida, New Jersey, and their agents. SAC ¶¶ 25-37. Plaintiff included a "Statement of Claim" in his SAC, which provides the requirements of a plausible pleading under Federal Rule of Civil Procedure 8(a)(2) and, otherwise, draws legal conclusions. *Id.* ¶¶ 38-46.

## II. LEGAL STANDARD

When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule

12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because Plaintiff is proceeding *pro se*, the Court construes Plaintiff's Amended Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

### III. LAW & ANALYSIS

The allegations in the SAC continue to be far from clear. Plaintiff again appears to be claiming as an overall theory that "the State of Florida and its agents did not have 'Competent Jurisdiction' to conduct an investigation and bring an Original Action against Plaintiff; a Citizen of New Jersey. Without the assistance of the U.S. Attorney and FBI.'" SAC ¶ 23 (punctuation and capitalization in original). The Court already ruled that this theory was meritless. July 13 Op. at 5 ("Plaintiff is simply wrong. Of course, a state can investigate offenses within its boundaries, whether the alleged perpetrator is a citizen of that state or another and whether a United States Attorney's Office or the Federal Bureau of Investigation is involved or not.")

#### A. Count I

In the SAC, Count I's heading reads "Declaration that the Defacto Policy is Unconstitutional." The only substantive difference between Count I in the Complaint and Count I in the SAC is that Plaintiff now seeks an extra $5,000,000 in damages. Once again, the Court

cannot discern what policy Plaintiff believes is unconstitutional. July 13 Op. at 5 ("The Court cannot tell from these allegations what policy Plaintiff believes is unconstitutional, and it will not guess."). Therefore, Count I is dismissed.

**B. Counts II and III**

Count II of the SAC realleges violation of Plaintiff's due process and equal protection rights under 42 U.S.C. § 1983. The Court's July 13 Opinion provided an overview of Section 1983 law, including a discussion on immunity. July 13 Op. at 5-7. The Court further noted that to "prevail on an equal protection claim, a plaintiff 'must present evidence that s/he has been treated differently from persons who are similarly situated.'" *Id.* at 7 (quoting *Renchenski v. Williams*, 622 F.3d 315, 337 (3d Cir. 2010)). In the SAC, Plaintiff reasserts the same conclusory statements that the Court already found insufficient. *Compare* SAC ¶ 34 *with* Complaint ¶ 33. Plaintiff again "fails to allege any facts showing that he was treated differently from similarly situated persons." July 13 Op. at 7. Therefore, Plaintiff fails to plausibly plead an equal protection violation.

The SAC also does not clarify which specific actions of Defendants violated Plaintiff's due process rights. The Court will analyze Count III's claims of false arrest and false imprisonment in conjunction with Plaintiff's claims of a due process violation because these are the only due process rights arguably asserted in the SAC.

False arrest and false imprisonment are very similar and are often considered together. To state a claim for false arrest, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause. *See James v. City of Wilkes–Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (describing false arrest under the Fourth Amendment). "The proper inquiry in a section 1983 claim based on false arrest . . . is not whether the person arrested in fact committed

4

the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995) (quoting *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)); *Nanton v. Mecka*, No. 11-6132, 2013 WL 1844756, at *6 (D.N.J. Apr. 30, 2013) ("The validity of an arrest does not depend on the ultimate finding of guilt or innocence following an arrest."). In addition, "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *O'Connor v. City of Philadelphia*, 233 F. App'x 161, 164 (3d Cir. 2007) (citations omitted); *see Reedy v. Twp. of Cranberry*, No. 06-1080, 2007 WL 2318084, at *3 (W.D. Pa. Aug. 9, 2007) ("The basis for false arrest is the arrest itself, whereas the basis for false imprisonment is the detention that follows the false arrest.").

Plaintiff again fails to allege any plausible facts that his arrest and detention were made without probable cause. SAC ¶ 18. Because Plaintiff has not alleged plausible facts that the arresting officers lacked probable cause, he cannot sufficiently stated a claim for either false arrest or false imprisonment. Therefore, Count II and Count III are dismissed.

To the extent that Count III, entitled "Intentional Misconduct," is asserting a tort claim, Plaintiff did not plead any of the elements of an intentional tort nor did he assert plausible facts to support such a cause of action. Therefore, Count III is, alternatively, dismissed on this basis as well.

Finally, the Court noted that Plaintiff's pleadings contained several other defects in its July 13 Opinion. July 13 Op. at 8-9. Plaintiff did not correct these defects in his SAC. The SAC still impermissibly uses group pleadings. *See* July 13 Op. at 8 ("Mere 'conclusory allegations against defendants as a group' which 'fail to allege the personal involvement of any defendant' are insufficient to survive a motion to dismiss." (citing *Galicki v. New Jersey*, 2015 U.S. Dist. LEXIS

5

84365, at *8 (D.N.J. June 29, 2015)). The SAC "fails to specifically establish each individual defendant's actions that contributed to the alleged constitutional violations." July 13 Op. at 9. Further, beyond stating in conclusory fashion that "**Defendants are not entitled to Qualified Immunity for their wanton, willful and malicious conduct**," SAC ¶ 43 (emphasis in original), Plaintiff does not address the Court's concerns about relevant immunities. July 13 Op. at 9.

For the foregoing reasons, the SAC is dismissed. When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Because the SAC insufficiently addresses the numerous deficiencies noted in the Court's July 13 Opinion, the Court concludes that Plaintiff is unable to properly address those shortcomings. As a result, the Court finds that any further attempt to amend would be futile so this matter is dismissed with prejudice.

For the reasons set forth above, and for good cause shown,

IT IS on the 18th day of July, 2018,

**ORDERED** that the Second Amended Complaint, D.E. 4, is **DISMISSED** with **PREJUDICE**[2]; and it is further

**ORDERED** that the Clerk of the Court mail a copy of this Opinion and Order via regular mail with certified mail return receipt to Plaintiff; and it is further

---

[2] A dismissal with prejudice means that Plaintiff is precluded from filing any future suit against Defendants concerning the allegations in the Second Amended Complaint

6

**ORDERED** that the Clerk of the Court shall close this matter.

John Michael Vazquez, U.S.D.J.